1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORDERO ANTHONY MARTIN,

Plaintiff,

v.

CITY OF MCFARLAND, *et al.*,

Defendants.

Case No. 1:25-cv-00483-CDB

FIRST SCREENING ORDER DIRECTING PLAINTIFF TO RESPOND

(Doc. 1)

**21-DAY DEADLINE**

16    Plaintiff Cordero Anthony Martin ("Plaintiff"), proceeding pro se and *in forma pauperis*

17 ("IFP"), initiated this action with the filing of a complaint on April 28, 2025. (Doc. 1).

18    Pursuant to 28 U.S.C. § 1915, federal courts are required to screen IFP complaints and

19 dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may

20 be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see*

21 *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

22    As discussed in more detail below, Plaintiff's complaint fails to plead any cognizable

23 claims. Accordingly, Plaintiff will be directed to file either an amended complaint, a notice of intent

24 to proceed on the original complaint without amendment (in which case the undersigned will

25 recommend to an assigned district judge that the action be dismissed for the reasons that follow),

26 or, alternatively, a notice of voluntary dismissal of this action.

27    **I.    SCREENING STANDARD**

28    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se

1    complaint proceeding IFP and shall dismiss the case at any time if the Court determines that the

2    allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a

3    claim upon which relief may be granted, or seeks monetary relief against a defendant who is

4    immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required

5    of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*

6    *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss IFP

7    complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998)

8    (affirming s*ua sponte* dismissal for failure to state a claim). If the Court determines that a complaint

9    fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the

10    complaint can be cured by amendment. *Lopez*, 203 F.3d at 1130.

11        In determining whether a complaint fails to state a claim, the Court uses the same pleading

12    standard used under Federal Rule of Civil Procedure 8(a). The complaint must contain "a short and

13    plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).

14    Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a cause of

15    action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

16    678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be

17    dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of cognizable legal

18    theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police*

19    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis

20    for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are

21    and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199

22    (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

23        In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as

24    true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

25    However, although a court accepts as true all factual allegations contained in a complaint, a court

26    need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that]

27    pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line

28    between the possibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

1    Although leave to amend a deficient complaint is to be freely granted where justice requires

2    (Fed. R. Civ. P. 15(a)(2)), courts may deny a pro se plaintiff leave to amend where amendment

3    would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook,*

4    *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v.*

5    *Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint

6    without leave to amend is proper only if it is clear that the deficiencies cannot be cured by

7    amendment or after the pro se litigant is given an opportunity to amend).

8    **II.    SUMMARY OF THE COMPLAINT**

9    Plaintiff asserts that, on May 19, 2024, officers of the McFarland Police Department

10   violated his First and Fourth Amendment rights by falsely arresting him, with the City of McFarland

11   enabling such actions through the policies of the police department. (Doc. 1 at 5). Plaintiff provides

12   no further facts within the complaint itself. Instead, Plaintiff attaches as an exhibit a copy of his

13   claim submitted to the City of McFarland, pursuant to the California Government Claims Act. *Id.*

14   at 7-9.

15   Therein, Plaintiff states he was arrested on May 19, 2024, without probable cause, and

16   "unlawfully detained and subjected to excessive force." Plaintiff states he was "wrongly re-arrested

17   after missing a court date [that he] was not properly notified about due to the [city's]  failure …"

18   Plaintiff asserts that "officers deployed K-9 units against [him] despite being no immediate

19   threat …" Plaintiff states that, as a result, he suffered emotional distress and the subsequent filing

20   for divorce by his spouse." *Id.* at 8. Plaintiff provides that these events led to family separation and

21   the repossession of one of his vehicles, and a subsequent assault at a crosswalk, as well as relapse

22   concerning his use of cigarettes and financial and professional repercussions. *Id.* at 9.

23   Plaintiff states that he brings his claims pursuant to the First, Fourth, and Fourteenth

24   Amendments, as well as under state law. *Id.* at 4, 8.

25   **III.    DISCUSSION**

26   As a preliminary matter, Plaintiff sets forth scare factual allegations within the body of his

27   complaint. The Court may disregard factual allegations that are not specifically pled in a complaint

28   itself. In other words, it is not sufficient that allegations are included in attachments to the

3

1  complaint. Additionally, Plaintiff must specifically allege under which theories or sources of law

2  he brings each individual claim. *See Lopez v. Bank of Am.*, No. 1:11-CV-00485-LJO, 2011 WL

3  1134671, at *2 (E.D. Cal. Mar. 28, 2011) (explaining that "a plaintiff is well advised to state fully

4  the facts supporting his claims against the defendants and to refrain from attaching exhibits …

5  Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's

6  duty is to evaluate the complaint's factual allegations, not to wade through exhibits"); *see also Ford*

7  *v. Sanchez-Galvin*, No. 24-CV-1025 JLS (KSC), 2024 WL 5081635, at *1 (S.D. Cal. Dec. 11, 2024)

8  ("'Exhibits attached to a complaint are not a substitute for factual allegations.'") (quoting *Arnold*

9  *v. Hearst Mag. Media, Inc.*, No. 19-cv-1969-WQH-MDD, 2020 WL 3469367, at *8 (S.D. Cal. June

10  24, 2020)).

11      As to both the facts provided in the body of the complaint and the attached claims form,

12  Plaintiff's complaint fails to state sufficient factual allegations to support any cognizable claim.

13  Additionally, Plaintiff fails to name any individuals as defendants, instead naming only the City of

14  McFarland and the McFarland Police Department.

15      And further, though Plaintiff states that his claims are brought pursuant to the First, Fourth

16  and Fourteenth Amendments, the Court can locate no facts relevant to a claim under the First

17  Amendment. Insofar as Plaintiff attempts to assert a claim of defamation, any such claim would

18  arise under state law. *See Outley v. Penzone*, No. CV-19-0724-PHX-JAT (JFM), 2019 WL

19  5088734, at *11 (D. Ariz. Aug. 1, 2019), *report and recommendation adopted*, No. CV-19-00724-

20  PHX-JAT (JFM), 2019 WL 4051810 (D. Ariz. Aug. 28, 2019) ("Thus, any claim for defamation is

21  not a constitutional claim, but must arise under statute or common law."). A claim of "defamation-

22  plus" may lie pursuant to section 1983, discussed further below.

23      As such, the Court will proceed to evaluate the complaint under the law most applicable to

24  the factual assertions raised therein.

25              **a.  Section 1983**

26      To state a claim under section 1983, a plaintiff is required to show that (1) each defendant

27  acted under color of state law and (2) each defendant deprived him of rights secured by the

28  Constitution or federal law. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021)

1   (citing *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *West v. Atkins*, 487 U.S.

2   42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated

3   in the deprivation of his rights. *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009);

4   *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).

5           Here, Plaintiff has not named as defendants any individuals acting under the color of state

6   law who deprived him of rights secured by the Constitution or federal law. As such, Plaintiff fails

7   to plead any claims against any individuals. The Court will provide a summary of the law relevant

8   at this screening stage of the proceedings and grant Plaintiff leave to amend his complaint, assuming

9   he can do so in good faith.

10                                    ***i.  Fourth Amendment***

11                                       *Probable Cause*

12          "The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

13  houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. Amend. IV.

14  An arrest pursuant to a valid warrant is ordinarily consistent with the Fourth Amendment. *Baker v.*

15  *McCollan*, 443 U.S. 137, 143 (1979). Conversely, an arrest without probable cause violates the

16  Fourth Amendment and gives rise to a claim for damages under § 1983. *Harper v. City of Los*

17  *Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008); *see Yousefian v. City of Glendale*, 779 F.3d 1010,

18  1014 n.1 (9th Cir. 2015) (absence of probable cause is an essential element of § 1983 false arrest

19  and malicious prosecution claims). Probable cause is measured by an objective standard based on

20  the information known to the arresting officer. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th

21  Cir. 2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91, (1964)); *see Hill v. Scott*, 349 F.3d 1068, 1072

22  (8th Cir. 2003) ("[S]ufficent probability, not certainty, is the touchstone of reasonableness under

23  the Fourth Amendment …"). To determine whether an officer had probable cause for an arrest,

24  courts "examine the events leading up to the arrest, and then decide whether these historical facts,

25  viewed from the standpoint of an objectively reasonable police officer, amount to probable cause."

26  *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021) (quoting *D.C. v. Wesby*, 583 U.S. 48, 56-

27  57 (2018) (internal citations and quotation omitted)).

28          Plaintiff's claims for relief pursuant to the Fourth Amendment for unlawful detention and

1    arrest without probable cause fail for two reasons. First, Plaintiff fails to include as a defendant any

2    individual who arrested Plaintiff, nor alleges any facts as to the identity of any such individual.

3    Second, Plaintiff fails to allege any facts regarding the circumstances surrounding the arrest.

4    Plaintiff's brief allegations that he was falsely arrested and that there existed "no probable cause

5    before or during the arrest" (Doc. 1 at 5) merely parrot a legal conclusion that the Court does not

6    accept as true. *Iqbal*, 556 U.S. at 678.

7         Plaintiff's claim for relief pursuant to the Fourteenth Amendment for due process violations

8    appears to rely on the same detention/arrest as Plaintiff's first claim. "[W]here a particular

9    Amendment 'provides an explicit textual source of constitutional protection' against a particular

10   sort of government behavior, 'that Amendment, not the more generalized notion of "substantive

11   due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273

12   (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Where, as here, a plaintiff alleges

13   a constitutional violation based on an officer's arrest without probable cause, "substantive due

14   process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." *Id*. at 275 (quoting

15   *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)).

16        Thus, not only is Plaintiff's claim deficient for its failure to allege facts from which an

17   inference may be drawn that unnamed individuals violated Plaintiff's substantive due process

18   rights, but because the claim as pleaded seeks to vindicate Plaintiff's rights under the Fourth

19   Amendment, Plaintiff may not plead the same claim pursuant to the Fourteenth Amendment. *See*

20   *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright*, 510 U.S. at 268,

21   271).

22                                          *Excessive Force*

23        A claim of excessive force during an arrest is analyzed under the "objective reasonableness"

24   standard of the Fourth Amendment. *Graham*, 490 U.S. at 388. Objective reasonableness is

25   determined based on the facts and circumstances at the moment of the arrest without reference to

26   the underlying intent or motivation of the officer. *Id*. at 397. Significantly, the reasonableness of

27   any particular use of force is judged "from the perspective of a reasonable officer on the scene,

28   rather than with the 20/20 vision of hindsight." *Id*. at 396. Whether a law enforcement officer's use

of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting the officer. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397).

First, a court "must assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (quotations omitted). Second, a court must balance the government's countervailing interests. In doing so, the court must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Evaluating these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Plaintiff's claims for relief pursuant to the Fourth Amendment for excessive force fail for the same two reasons as noted *supra*. First, Plaintiff fails to include as a defendant any individual who used excessive force against Plaintiff, nor alleges any facts as to the identity of any such individual. Second, Plaintiff fails to allege any facts regarding the circumstances surrounding the arrest. Conclusory assertions are not sufficient. Without specific facts, there can be no claim under the Fourth Amendment. *See Portillo v. City of Shafter*, No. 1:23-CV-00920-BAM (PC), 2023 WL 5724587, at *5 (E.D. Cal. July 27, 2023) ("Absent specific facts, no claim is stated. In any amended complaint, Plaintiff must allege what happened, when it happened, and who was involved.").

### ii. Defamation-Plus

A "defamation-plus" claim brought pursuant to section 1983 requires an allegation of injury to a plaintiff's reputation from defamation, which is accompanied by an allegation of injury to a recognizable property or liberty interest. *See Crowe v. Cnty. of San Diego,* 608 F.3d 406, 444 (9th Cir. 2010). A plaintiff can assert a section 1983 claim for defamation-plus in two ways: (1) by alleging that the injury to reputation was inflicted in connection with a federally protected right; or (2) by alleging that the injury to reputation caused the denial of a federally protected right. *Id.* (quoting *Herb Hallman Chevrolet v. Nash–Holmes,* 169 F.3d 636, 645 (9th Cir. 1999)).

As noted *supra*, Plaintiff advances only conclusory allegations concerning his arrest and

provides no factual allegations regarding the circumstances thereof. Additionally, Plaintiff merely claims he lost "significant job opportunities and wages" (Doc. 1 at 8), as well as harm to his marriage and in applying for employment (*id* at 8-9). Plaintiff provides no factual allegations setting forth how injury to his reputation from an arrest without probable cause led to the denial of his federally protected rights, nor how damage to his reputation was inflicted because of an arrest without probable cause.

Thus, Plaintiff fails to cognizably a "defamation-plus" claim pursuant to section 1983.

### iii.   Malicious Prosecution

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right. Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066 (citations and quotations omitted).

Generally, a "claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy. However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987) (citations and quotations omitted).

"Malicious prosecution, by itself, does not constitute a due process violation[.]" *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Additionally, a plaintiff must set forth that the underlying proceedings terminated in a manner that indicates plaintiff's innocence, and that charges were not withdrawn on the basis of a compromise among the parties. *Awabdy*, 368 F. 3d at 1068.

Plaintiff fails to plead factual allegations sufficient to support a claim of malicious prosecution pursuant to section 1983. Again, Plaintiff makes only conclusory allegations concerning his arrest and the proceedings thereafter, providing no facts informing of prosecution

1   with malice for purpose of denial of a constitutional right and a lack of probable cause.  *Cf. Usher*,

2   828 F.2d at 562 (malicious prosecution claim deemed cognizable under section 1983 because

3   complaint's allegations that arresting officers demonstrated racial animus in connection with arrest

4   and criminal prosecution were sufficient to show intent to deprive plaintiff of equal protection of

5   the laws).

6        Thus, Plaintiff fails to assert a malicious prosecution claim pursuant to section 1983.

7                              *iv.  Municipal Liability*

8        "[A] local government may not be sued under § 1983 for an injury inflicted solely by its

9   employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694

10  (1978). "Instead, it is when execution of a government's policy or custom, whether made by its

11  lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

12  the injury that the government as an entity is responsible under § 1983." *Id.* Local governments are

13  responsible only for their own illegal acts; they are not vicariously liable for their employees'

14  actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

15       Instead, a municipality is held liable only when "action pursuant to official municipal policy

16  of some nature cause[s] a constitutional tort." *Monell*, 436 U.S. at 691. This "official municipal

17  policy" need not be expressly adopted, "[i]t is sufficient that the constitutional violation occurred

18  pursuant to a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.

19  1999) (citation and quotations omitted). A policy can also be one of action or inaction, such as a

20  failure to train employees when such omissions amount to the government's policy. *See Long*, 442

21  F.3d at 1189 ("[A] county's lack of affirmative policies or procedures to guide employees can

22  amount to deliberate indifference[.]"). Finally, a municipality may be liable if "the individual who

23  committed the constitutional tort was an official with final policy-making authority or such an

24  official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez

25  v. Cnty. of Los Angeles*, 891 F.3d 776, 802-803 (9th Cir. 2018).

26       Thus, to establish a § 1983 claim for municipal liability, Plaintiff must show: (1) that he

27  possessed a constitutional right of which he was deprived; (2) that the municipality had a policy;

28  (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4)

1    that the policy is the moving force behind the constitutional violation. *Burke v. Cnty. of Alameda*,

2    586 F.3d 725, 734 (9th Cir. 2009).

3        Courts in the Ninth Circuit use a two-part test to evaluate whether factual allegations

4    regarding municipal liability are sufficiently pled: "First, to be entitled to the presumption of truth,

5    allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

6    but must contain sufficient allegations of underlying facts to give fair notice and to enable the

7    opposing party to defend itself effectively." *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d

8    631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Second, "the

9    factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it

10   is not unfair to require the opposing party to be subjected to the expense of discovery and continued

11   litigation.

12       In his complaint, Plaintiff does not allege facts which challenge a specific policy or

13   procedure, or lack thereof, that would give rise to liability by Defendant City of McFarland and the

14   McFarland Police Department. Plaintiff's allegations are unspecific and conclusory. For example,

15   Plaintiff asserts that the "City of McFarland through it police departments [sic] actions and policies

16   enabled this misconduct." (Doc. 1 at 5).

17       Plaintiff does not allege a minimum factual basis for his claim that is sufficient to give

18   Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See*

19   *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 803 (E.D. Cal. 2016) ("Simply alleging that

20   training is 'deficient' or 'inadequate' is conclusory and does not support a plausible claim …

21   Without identifying how training is deficient and how the training caused injury, it cannot be

22   determined whether the [c]ity acted with deliberate indifference … adequately trained officers

23   occasionally make mistakes; the fact that they do says little about the training program or the legal

24   basis for holding the city liable.") (citations and quotations omitted).

25       **b.  State Law Claims**

26       Plaintiff includes brief and cursory references to varied state law causes of action, for

27   example California Civil Code § 52.1 (the "Bane Act"), intentional infliction of emotional distress,

28   and battery, among others.

1    Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

2    jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are

3    so related to claims in the action within such original jurisdiction that they form part of the same

4    case or controversy under Article III of the United States Constitution," except as provided in

5    subsections (b) and (c). Though the Court may exercise supplemental jurisdiction over state law

6    claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

7    As Plaintiff has failed to allege any cognizable claims under federal law, the Court will not

8    screen Plaintiff's claims brought pursuant to state law. In any amended complaint, Plaintiff is

9    advised to assert any accompanying state law claims pursuant to the standards set forth in the

10    applicable state authority. *See Maez v. Maez*, No. 1:22-CV-00901-BAM, 2022 WL 4110261, at *4

11    (E.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, No. 1:22-CV-00901-AWI-BAM,

12    2022 WL 17406536 (E.D. Cal. Dec. 2, 2022) ("To the extent Plaintiff's amended complaint

13    attempts to assert primarily state law claims, the Court declines to screen those claims in the absence

14    of a cognizable claim for relief under federal law."); *see also Portillo*, 2023 WL 5724587, at *5

15    (holding the same).

16                    *    *    *    *    *

17    In sum, Plaintiff has failed to sufficiently plead any cognizable claims under federal law.

18    Notwithstanding the foregoing, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the

19    court should freely give leave [to amend] when justice so requires." Accordingly, the Court will

20    provide Plaintiff leave to amend his complaint only to the extent he can, in good faith, remedy the

21    deficiencies noted herein. *Lopez*, 203 F.3d at 1126-31. Alternatively, Plaintiff may choose not to

22    amend and, instead, file a notice of voluntary dismissal.

23    If Plaintiff elects to proceed with this action by filing an amended complaint, he is advised

24    that the Court cannot refer to a prior pleading in order to make an amended complaint complete.

25    *See* Local Rule 220. The **amended complaint must be complete in itself without reference to**

26    **the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no

27    longer serves any function in the case.

28    Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims,**

including all relevant facts, even the ones not addressed by this screening order. Plaintiff is further advised that **exhibits attached to a complaint are not substitutes for factual allegations**. *Ford*, 2024 WL 5081635, at *1.

If Plaintiff elects to proceed on his original complaint without amendment, the undersigned will recommend to an assigned district judge that the complaint be dismissed for the reasons set forth above.

## IV.    CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff is granted leave to amend his complaint.

2.   **Within 21 days** from the date of service of this order, Plaintiff must file either:

    a.   an amended complaint curing the deficiencies identified by the Court in this order; *or*

    b.   a notice of intent to proceed on the original complaint without amendment, after which the undersigned will recommend the complaint be dismissed; *or*

    c.   a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey the Court's orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **August 13, 2025**

_____
UNITED STATES MAGISTRATE JUDGE