UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORDERO ANTHONY MARTIN,

　　　　　Plaintiff,

　　v.

CITY OF MCFARLAND, *et al.*,

　　　　　Defendants.

Case No. 1:25-cv-00483-CDB

ORDER DENYING PLAINTIFF'S MOTION FOR HEARING

ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR STATUS REPORT

(Doc. 6)

<u>Clerk of the Court to Attach "Notice of Change of Address" Form</u>

Plaintiff Cordero Anthony Martin ("Plaintiff"), proceeding pro se and *in forma pauperis* ("IFP"), initiated this action with the filing of a complaint on April 28, 2025. (Doc. 1).

**Background**

On August 13, 2025, the Court entered an order pursuant to 28 U.S.C. § 1915 following its preliminary screening of Plaintiff's complaint in which the Court determined that the complaint failed to state a claim on which relief may be granted. *See generally* (Doc. 4) (citing *inter alia* 28 U.S.C. § 1915(e)(2)(B) & *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)).

In its screening order, the Court granted Plaintiff leave to amend his complaint, and on September 5, 2025, Plaintiff filed his first amended complaint. (Doc. 5). The first amended complaint remains pending the Court's preliminary screening pursuant to 28 U.S.C. § 1915.

///

**Plaintiff's Motion for Hearing**

On January 5, 2026, Plaintiff filed a motion in which he requests a court hearing to address the "[s]tatus of case and what the procedure entails moving forward." (Doc. 6 at 1). Plaintiff states his intention to move out of the continental United States and, accordingly, he "request[s] access to an e-filing system" to ensure "the prosecution does not stall and can be continued worldwide." *Id.* Plaintiff additionally requests permission to appear for hearings remotely. *Id.*

Separately, Plaintiff makes various representations relating to his fear for his safety and his intention to submit a confidential name change "to the very superior court system for a second time that has already violated and denied my rights incessantly." *Id.*

**Discussion**

First, the Court acknowledges and expresses its regret for the delay in completing a preliminary screening of Plaintiff's first amended complaint, filed September 5, 2025. As has been well documented,[1] the Eastern District of California is one of the busiest federal courts in the country. The undersigned currently presides over or is referred to more than 480 civil cases in various stages of litigation and delays in these cases, although unfortunate, are unavoidable given the judicial resource emergency under which the District operates.

Second, because no defendant yet has appeared in the action, the Court will deny Plaintiff's request for hearing as any such hearing would improperly be conducted *ex parte*.

Third, the Court provides information responsive to Plaintiff's request for status. As set forth above, the first amended complaint remains pending the Court's preliminary screening. Once that screening is completed, an order will issue addressing whether the Court finds any of Plaintiff's claims cognizable.

Fourth, the Court admonishes Plaintiff that he is obligated to become familiar with and comply with this Court's Local Rules, available on the Court's webpage. As Plaintiff is aware, he must submit all documents to the Court in paper unless the Court orders otherwise. The Court's electronic filing and storage system generally is available only to attorneys registered to use it.

---

[1] *See* "Letter of E.D. Cal. Judges to Congress," June 19, 2018 (located at https://www.caed.uscourts.gov/caednew/assets/File/Judgeship%20Letter%20June%202018.pdf)

*See* Local Rule 133(b)(2).  Plaintiff must keep the Court informed of his correct current address. *See* Local Rule 182(f).  If Plaintiff moves to a different address without filing and serving a notice of change of address, documents served at his old address of record shall be deemed received even if not actually received.  *Id.*  If mail directed to Plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absent a notice of change of address.  If Plaintiff's address is not updated within thirty-three (33) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

Given Plaintiff's notice that he intends to move outside the continental United States, the Court will direct the Clerk of the Court to attach to this order a "Notice of Change of Address" form for Plaintiff's anticipated use.

**Conclusion and Order**

For the reasons set forth above, Plaintiff's motion (Doc. 6) is GRANTED to the extent of updating Plaintiff on the status of this case and responding to the issues raised in his motion.

The Clerk of the Court is DIRECTED to attach to this order a "Notice of Change of Address" form.

IT IS SO ORDERED.

Dated:   **January 16, 2026**

UNITED STATES MAGISTRATE JUDGE