UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORDERO ANTHONY MARTIN,

Plaintiff,

v.

CITY OF MCFARLAND, *et al.*,

Defendants.

Case No.: 1:25-cv-00483-CDB

ORDER DENYING PLAINTIFF'S REQUEST TO SEAL AND MOTION TO EXPEDITE

**Background**

Plaintiff Cordero Anthony Martin ("Plaintiff") is proceeding pro se and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. On August 14, 2025, the Court issued its first screening order, finding Plaintiff failed to allege any cognizable claims in his complaint and granting leave to file an amended complaint. (Doc. 4). Plaintiff filed his first amended complaint on September 5, 2025. (Doc. 5).

On June 30, 2026, the Clerk of the Court received from Plaintiff a two-page document, wherein Plaintiff requests to file under seal certain documents and for emergency relief restraining Defendants from contacting Plaintiff or circulating his identity through any unsecure mode of communication, and from inputting his identity into any system or database. On July 22, 2026, the Clerk of the Court received from Plaintiff a one-page document, wherein Plaintiff requests an expedited response to his request to seal, due to his travel plans.

**Discussion**

Plaintiff identifies by name the documents he seeks to have filed under seal but does not attach them to his request. Although a plaintiff may attach exhibits to his complaint, they are not necessary pursuant to the federal system of notice pleading. *See Ruiz v. Orozco*, No. 1:19-cv-00048-AWI-GSA PC, 2019 WL 13390488, at *1 (E.D. Cal. Feb. 5, 2019) (citing Fed. R. Civ. P. 8(a) & 10(c)).

Upon review of the list of documents Plaintiff seeks to file under seal, the Court does not find them necessary for purposes of screening Plaintiff's first amended complaint. If this action proceeds past screening and the submission of evidence is appropriate and necessary, the Court will direct Plaintiff at that time to submit his evidence. *See id.*

Regarding Plaintiff's purported *ex parte* request for emergency relief included within the request to seal, "[a] preliminary injunction [or temporary restraining order] is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Plaintiff's perfunctory request for an order restraining Defendants from contacting Plaintiff or circulating his identity in some fashion is unsupported by citation to any binding authority and lacks development of any argument or reasoning that would support the granting of such relief. The request also fails to comply with the Local Rules and fails to demonstrate how the relief sought is appropriate pursuant to *Winter*.

As to Plaintiff's motion to expedite, Plaintiff is admonished that this Court does not have an expedited calendar. As of the date of this Order, the undersigned presides over more than 400 civil cases in various stages of litigation. While the Court regrets the delays in the litigation of this action that are unavoidable given the tremendous judicial resource emergency experienced throughout this District, Plaintiff cites no authority – and the Court is aware of none – to persuade the undersigned that Plaintiff's case merits expedited or favored treatment to the detriment of other cases pending on the Court's docket.

///

///

///

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to file documents under seal is DENIED; and
2. Plaintiff's motion to expedite is DENIED.

Plaintiff's first amended complaint was received by the Court and will be screened in due course.

IT IS SO ORDERED.

Dated: **July 29, 2026**

UNITED STATES MAGISTRATE JUDGE